UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:10-CV-757-H

ERIC MIKULANINEC                                                                                          PLAINTIFF

vs.

MONUMENTAL LIFE INSURANCE COMPANY;
AEGON INSTITUTIONAL MARKETS, INC.                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff originally filed this case in Jefferson Circuit Court alleging breach of contract, promissory estoppel and breach of Defendants' implied duty of good faith and fair dealing in connection with certain contractual agreements following his termination from employment in August, 2010. Defendants removed to federal court on the basis of complete diversity.

Plaintiff has now moved to remand on the grounds that Aegon Institutional Markets, Inc. ("Aegon"), listed as an Delaware corporation, actually has the nerve center of its operations or its principal place of business in Kentucky under the test established in *The Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010). The facts seem to be that since the middle of 2010 Aegon has been winding down its insurance business. At this point it is monitoring only a few insurance contracts and its only actual employees are located in Louisville, Kentucky.

Aegon asserts that its principal place of business is actually Iowa and that the direction, control and coordination of the company occurs there through officers of Aegon's corporate affiliate, Transamerica Capital Management. However, Aegon is a separate legal entity – even though its corporate parent may exercise close control over its operations, Aegon has its own principal place of business. *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 283 (6th Cir. 1990)

(*citing Topp v. CompAir Inc.*, 814 F.2d 830 (1st Cir.1987)); *see also Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140 (3d Cir.1972) (analyzing diversity jurisdiction based on subsidiary's citizenship, even where corporate parent exerted high degree of control).

In these circumstances where Aegon can identify no employee residing in Iowa, where all the company's ongoing business seems to be coordinated from Kentucky and where Aegon's principal office address was not formally changed until December 31, 2010, Aegon has failed to establish that its nerve center of operations had changed to Iowa as of the date Plaintiff filed his complaint, if at all. Since Aegon has not carried its burden as a removing defendant to demonstrate this Court's subject-matter jurisdiction, the Court will sustain Plaintiff's motion to remand. *Cleveland Housing Renewal Project v. Deutsche Bank*, 621 F.3d 554, 559 (6th Cir. 2010).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

Date:

cc: Counsel of Record & Jefferson Circuit Court