UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00757-H

ERIC MIKULANINEC                                                          PLAINTIFF

V.

MONUMENTAL LIFE INSURANCE COMPANY;
AEGON INSTITUTIONAL MARKETS, INC.                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In its previous two Memorandum Opinions, the Court sustained Plaintiff's Motion to Remand and denied Defendants' subsequent Motion for Reconsideration. The only remaining issue before the Court is Plaintiff's motion for attorneys fees attributable to litigating removal. Having carefully considered Plaintiff's arguments and concluded that Defendants had a reasonable basis for pursuing removal, the Court will deny Plaintiff's motion.

28 U.S.C. § 1447(c) authorizes the Court to award parties their attorneys fees incurred as a result of removal. However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Taylor v. United Parcel Serv., Inc.*, No. 3:09-CV-933-H, 2010 WL 3069090, at *1 (W.D. Ky. Aug. 3, 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Defendants removed this case to federal court on the basis of the parties' complete diversity of citizenship. Establishing diversity was dependent upon identifying the principal place of business of Defendant Aegon Institutional Markets, Inc. ("Aegon").

The Court weighed several factors in determining Aegon's principal place of business. Prior to Aegon winding down its business in 2010, its executives exchanged e-mails discussing

their intent to transition management responsibility of the company to Cedar Rapids, Iowa. Defendants argued for removal citing these e-mails as well as the deposition of Jackie Griffin, then-Aegon President, who testified that all corporate authority of Aegon was transferred to Iowa. Determining Aegon's principal place of business was complicated by its status as a legal entity separate from its corporate parent and the organization of its present-day operations. The Court carefully weighed these considerations before deciding that Aegon's principal place of business is in fact in Kentucky. Despite Defendants' ultimate inability to justify removal, their arguments posed genuine challenges to the Court. Their attempt at removal was not without credence and was not objectively unreasonable. Under these circumstances, Plaintiff is not entitled to attorneys fees incurred as a result of litigating removal.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for attorneys fees related to the removal of this case to federal court is DENIED.

cc:     Counsel of Record